IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FREDD B. MITCHELL, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS A. GREGORY, and LIEUTENANT BANKS, <br><br> Defendants. | Case No. 24-cv-00930-SPM |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Fredd Mitchell, an inmate of the Illinois Department of Corrections who is currently incarcerated at Western Illinois Correctional Center, brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights that occurred while he was at Shawnee Correctional Center. The First Amended Complaint[1] is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT

Plaintiff alleges that in the spring of 2023, his cellmate, Maurice Brough, attempted to hang himself by placing a sheet around his neck. (Doc. 15, p. 6). Correctional Officer Gregory came to the cell door and instructed Brough to remove the sheet, and Brough complied. Gregory then

---

[1] Before the Court conducted an initial review of his pleading under 28 U.S.C. §1915A, Plaintiff filed an amended complaint. (Doc. 15). *See* FED. R. CIV. P. 15(a)(1)(A).

opened the cell door and started spraying pepper spray around the cell and repeated for Brough to take the sheet off his neck, even though Brough had already removed the sheet. Plaintiff states that he was an innocent bystander and received a direct spray of pepper spray in his face. There was no reason for him to be sprayed with pepper spray – Brough was following orders, and Gregory had not made any request or attempt to extract Plaintiff from the cell. (*Id*).

Gregory then took Plaintiff to a shower so that he could clean the pepper spray from his body. (Doc. 15, p. 6). Plaintiff was next escorted to Internal Affairs, and he gave his account of the event to officers. Plaintiff asserts that Lieutenant Banks violated his rights under the Eighth, First, and Fourteenth Amendments when he refused to send Plaintiff a copy of the Internal Affairs interview. (*Id.*).

### PRELIMINARY DISMISSAL

The Court dismisses all claims against Lieutenant Banks for refusing to give a copy of the Internal Affairs interview to Plaintiff. The Court is not aware of a freestanding constitutional right to obtain a copy of the interview. *See Duca v. Sailors,* No. 22-cv-914-DRL-JPK, 2023 WL 2865387, at * 2 (N.D. Ind. Apr. 7, 2023) (no constitutional right to copies of grievances, requests, or medical records); *Lee v. Kennedy,* No. 19-cv-1277, 2019 WL 5196372, at *1 (C.D. Ill. Oct. 5, 2019) (no "freestanding constitutional right to the investigation into another's alleged wrongful activity"); *Allen v. Asselmeier*, No. 15-cv-334-NJR-DGW, 2016 WL 5341189, at *5 (S.D. Ill. Sept. 23, 2016) (noting that the Court is not aware of any constitutional right to view medical records).

### DISCUSSION

Based on the allegations in the First Amended Complaint, the Court designates the following count:

> **Count 1:**   Eighth Amendment excessive force claim against Gregory for spraying pepper spray into Plaintiff's cell.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the First Amended Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly*[2] pleading standard.**

Plaintiff claims that on the day that Gregory sprayed the pepper spray into his cell, neither he nor his cellmate were disobeying orders or were a threat to anyone's safety. The facts as pled allow the reasonable inference that the use of pepper spray in this instance was excessive and not used to maintain or restore discipline. *See Hudson v. McMillian,* 503 U.S. 1, 6 (1992); *Tujibikila v. Neaf,* No. 19-C-192, 2019 WL 5298215, at *4 (Oct. 18, 2019) ("[b]ystander exposure to pepper spray is analyzed under the same legal test") (internal quotations and citations omitted). Thus, he has established a viable Eighth Amendment claim against Gregory for excessive force.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff has filed a motion asking the Court to recruit counsel on his behalf. (Doc. 3). Pursuant to 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." When faced with a motion for recruitment of counsel the Court applies a two part test: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007).

Plaintiff has not satisfied his threshold burden of demonstrating that he has made reasonable efforts to obtain counsel prior to seeking the assistance of the Court. He simply states he has not contacted any attorneys because he cannot afford one, and he does not know how to "file any paperwork on how to get an attorney." This is not sufficient. There are attorneys who will

---

[2] *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

take cases pro bono or without payment upfront and who are willing to work with clients on a contingency fee or other financial arrangement. When contacting attorneys, Plaintiff may always ask if they require certain paperwork. He must still make attempts to find counsel on his own despite his indigency and unfamiliarity with the process. Accordingly, the motion is **DENIED.** Should Plaintiff choose to move for recruitment of counsel at a later date, the Court directs Plaintiff to: (1) contact at least three attorneys regarding representation in this case prior to filing another motion; (2) include in the motion the names and address of at least three attorneys he has contacted; and (3) if available, attach the letters from the attorneys who declined representation.

## DISPOSITION

For the reasons set forth above, the First Amended Complaint (Doc. 15) survives preliminary review pursuant to Section 1915A. **COUNT 1** will proceed against Dennis Gregory. Because there are no surviving claims against Lieutenant Blanks, the Clerk of Court is **DIRECTED** to terminate him as a defendant.

Because Plaintiff's claim involves physical injury, the Clerk of Court is **DIRECTED** to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

The Clerk of Court **SHALL** prepare for Gregory the following: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint (Doc.15), and this Memorandum and Order to Defendant's place of employment. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the defendant, and the Court will require the defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, his last known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant need only to respond to the issues stated in this Merit Review Order.**

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 14 days after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: October 31, 2024**

                                                       *s/Stephen P. McGlynn*
                                                      **STEPHEN P. MCGLYNN**
                                                     **United States District Judge**